

1 Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
2 12 South First Street, Suite 1014
San Jose, California 95113-2418
3 Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
4 Email Address: fred.schwinn@sjconsumerlaw.com

5 Attorney for Plaintiff
6 LYNDA CHRYSTA BEATY

7

8 **IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9 **OAKLAND/SAN FRANCISCO DIVISION**

10 LYNDA CHRYSTA BEATY, | Case No.: CV-10-01742 BZ

11 Plaintiff, | **COMPLAINT**

12 v. | **DEMAND FOR JURY TRIAL**

13 LAW OFFICES OF KENOSIAN & MIELE, | 15 United States Code § 1692 *et seq.*
LLP, a California limited liability partnership; | California Civil Code § 1788 *et seq.*
14 and KENNETH J. MIELE, individually and in
his official capacity; PMGI, LLC, a California
15 limited liability company; UNIFUND CCR
16 PARTNERS, a Delaware general partnership;
CREDIT CARD RECEIVABLES FUND,
17 INC., an Ohio corporation; ZB LIMITED
PARTNERSHIP, a Delaware limited
18 partnership; ZB/CCR CORP., a Delaware
Corporation; and STEVEN PAUL
19 BALLMAN, individually and in his official
20 capacity,

21 Defendants.

22 Plaintiff, LYNDA CHRYSTA BEATY, based on information and belief and investigation of

23 counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are

24 alleged on personal knowledge), hereby makes the following allegations:

25

26 **I. INTRODUCTION**

27 1. This is an action for actual damages, statutory damages, attorney fees and costs

28 brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act,

- 1 -
COMPLAINT

15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

      2.    According to 15 U.S.C. § 1692:

          a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

          b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

          c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

          d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

          e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

      3.    The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system

and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.   Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7.   This lawsuit should be assigned to the Oakland/San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

## V. PARTIES

8.   Plaintiff, LYNDA CHRYSTA BEATY (hereinafter "Plaintiff"), is a natural person residing in Alameda County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9.   Defendant, LAW OFFICES OF KENOSIAN & MIELE, LLP (hereinafter "K&M"), is a California limited liability partnership engaged in the business of collecting debts in this

---

[1]  Cal. Civil Code § 1788.1(a)(1).

- 3 -
COMPLAINT

state with its principal place of business located at: 8581 Santa Monica Boulevard, #17, Los Angeles, California 90069-4120. K&M may be served as follows: Law Offices of Kenosian & Miele, LLP, c/o John Paul Kenosian, General Partner, 2633 Lincoln Boulevard, #614, Santa Monica, California 90405-4619 and Law Offices of Kenosian & Miele, LLP, c/o Kenneth John Miele, General Partner, 2633 Lincoln Boulevard, #614, Santa Monica, California 90405-4619. The principal business of K&M is the collection of debts using the mails and telephone, and K&M regularly attempts to collect debts alleged to be due another. K&M is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, KENNETH JOHN MIELE (hereinafter "MIELE"), is a natural person and licensed attorney in the state of California. MIELE may be served at his current business address at: Kenneth John Miele, Law Offices of Kenosian & Miele, LLP, 2633 Lincoln Boulevard, #614, Santa Monica, California 90405-4619. MIELE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. Defendant, PMGI, LLC (hereinafter "PMGI"), is a California limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 8581 Santa Monica Boulevard, #17, Los Angeles, California 90069-4120. PMGI may be served as follows: PMGI, LLC, c/o Corporation Service Company, 2730 Gateway Oaks Road, Suite 100, Sacramento, California 95833-3503. The principal business of PMGI is the collection of debts using the mails and telephone, and PMGI regularly attempts to collect debts alleged to be due another. PMGI is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

12. Defendant, UNIFUND CCR PARTNERS (hereinafter "UNIFUND"), is a Delaware general partnership engaged in the business of collecting debts in this state with its principal

- 4 -
COMPLAINT

place of business located at: 10625 Techwoods Circle, Cincinnati, Ohio 45242-2846. UNIFUND may be served as follows: Unifund CCR Partners, c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801-1120. The principal business of UNIFUND is the collection of debts using the mails and telephone, and UNIFUND regularly attempts to collect debts alleged to be originally due another. Plaintiff is informed and believes, and thereon alleges that UNIFUND is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

13.    Defendant, CREDIT CARD RECEIVABLES FUND, INC. (hereinafter "CCRF"), is an Ohio corporation and a general partner of UNIFUND with its principal place of business located at: 2349 Grandin Road, Cincinnati, Ohio 45208-3309. CCRF may be served as follows: Credit Card Receivables Fund, Inc., c/o CT Corporation System, Registered Agent, 1300 East 9th Street, Cleveland, Ohio 44114-1501. Plaintiff is informed and believes, and thereon alleges that the principal business of CCRF is the collection of debts using the mails and telephone, and CCRF regularly attempts to collect debts alleged to be originally due another. Plaintiff is informed and believes, and thereon alleges that CCRF is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

14.    Defendant, ZB LIMITED PARTNERSHIP (hereinafter "ZB"), is a Delaware limited partnership and a general partner of UNIFUND with its principal place of business located at: 767 Third Avenue, 16th Floor, New York, New York 10017-2023. ZB may be served as follows: ZB Limited Partnership, c/o The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808-1645. Plaintiff is informed and believes, and thereon alleges that the principal business of ZB is the collection of debts using the mails and telephone, and ZB regularly attempts to collect debts alleged to be originally due another. Plaintiff is informed and believes, and thereon alleges that ZB is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil

- 5 -
COMPLAINT

1  Code § 1788.2(c).

2      15.   Defendant, ZB/CCR CORP., (hereinafter "ZB/CCR"), is a Delaware corporation

3  and a general partner of ZB LIMITED PARTNERSHIP with its principal place of business located at:

4  767 Third Avenue, 16th Floor, New York, New York, 10017-2023. ZB/CCR may be served as follows:

5

6  ZB/CCR CORP., c/o The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400,

7  Wilmington, Delaware 19808-1645. Plaintiff is informed and believes, and thereon alleges that the

8  principal business of ZB/CCR is the collection of debts using the mails and telephone, and ZB/CCR

9  regularly attempts to collect debts alleged to be originally due another. Plaintiff is informed and

10 believes, and thereon alleges that ZB/CCR is a "debt collector" within the meaning of 15 U.S.C. §

11 1692a(6) and Cal. Civil Code § 1788.2(c).

12

13     16.   Defendant, STEVEN PAUL BALLMAN (hereinafter "BALLMAN"), is a natural

14 person, and is or was an employee and agent of UNIFUND at all relevant times. BALLMAN may be

15 served at his current business address at: Steven Paul Ballman, Unifund CCR Partners, 10625

16 Techwoods Circle, Cincinnati, Ohio 45242-2846, and at his residential address at: Steven Paul

17

18 Ballman, 7922 Dalton Avenue, Cincinnati, Ohio 45236-2612. Plaintiff is informed and believes, and

19 thereon alleges that BALLMAN is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and

20 Cal. Civil Code § 1788.2(c).

21     17.   At all times herein mentioned, each of the Defendants was an officer, director,

22 agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

23 times, each Defendant was acting in the full course and scope of said office, directorship, agency,

24 service, employment and/or joint venture. Any reference hereafter to "Defendants" without further

25 qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

26

27 ///

28

---

- 6 -

COMPLAINT

## VI. FACTUAL ALLEGATIONS

18.     On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by First USA Bank, N.A. (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

19.     Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was sold, assigned or otherwise transferred to Defendants for collection from Plaintiff.

20.     On or about October 9, 2009, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Alameda County captioned *Unifund CCR Partners v. Lynda C. Beaty, et al.*, Case No. RG09478594 (hereinafter the "*Unifund v. Beaty* complaint"), which sought to collect $2,724.77 in damages and pre-judgment interest from October 31, 2006, and attorney's fees according to proof.

21.     A true and accurate copy of the *Unifund v. Beaty* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

22.     The *Unifund v. Beaty* complaint (Exhibit "1") stated as follows:

On or about 03-27-06 , defendant(s) breached the card holder agreement by failing to make the minimum monthly payment due.

23.     The *Unifund v. Beaty* complaint (Exhibit "1") bears the signature of Defendant, MIELE.

24.     The *Unifund v. Beaty* complaint (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by MIELE.

25.     Plaintiff is informed and believes, and thereon alleges, that MIELE did not

- 7 -
COMPLAINT

conduct a professional review of Plaintiff's account before signing and filing the *Unifund v. Beaty* complaint (Exhibit "1") and sending it to the Plaintiff. *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

      26.    Plaintiff is informed and believes, and thereon alleges, that the *Unifund v. Beaty* complaint (Exhibit "1") misrepresented the role and involvement of legal counsel.

      27.    Plaintiff is informed and believes, and thereon alleges, that the *Unifund v. Beaty* complaint (Exhibit "1") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

      28.    On or about January 13, 2010, Defendants filed a document titled <u>Declaration in Support of Attorney Fees, Interest and Costs</u> in the *Unifund v. Beaty* case.

      29.    A true and accurate copy of the document titled <u>Declaration in Support of Attorney Fees, Interest and Costs</u> that was filed by Defendants in the *Unifund v. Beaty* case is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

      30.    The <u>Declaration in Support of Attorney Fees, Interest and Costs</u> that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "2") stated, *inter alia*, as follows:

I, Kenneth J. Miele, declare:

1. I am the Attorney for plaintiff, UNIFUND CCR PARTNERS. I have personal knowledge of the facts stated herein. If I were called upon to testify I would competently testify as to the matters stated herein.

. . .

3. The defendant used the credit card from the period of 09-18-03 through 02-24-06 at which time the defendant became delinquent by failing to make the required monthly payments.

. . .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      31.    Plaintiff is informed and believes, and thereon alleges, that Defendant, MIELE, did not have "personal knowledge" of the facts stated in the <u>Declaration in Support of Attorney Fees,</u>

- 8 -
COMPLAINT

*Interest and Costs* that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "2").

32.   The *Declaration in Support of Attorney Fees, Interest and Costs* that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "2") bears the signature of Defendant, MIELE.

33.   The *Declaration in Support of Attorney Fees, Interest and Costs* that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "2") represented or implied that Plaintiff's account had been reviewed by MIELE.

34.   Plaintiff is informed and believes, and thereon alleges, that MIELE did not conduct a professional review of Plaintiff's account before signing and filing the *Declaration in Support of Attorney Fees, Interest and Costs* that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "2") and sending it to the Plaintiff. *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

35.   Plaintiff is informed and believes, and thereon alleges, that the *Declaration in Support of Attorney Fees, Interest and Costs* that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "2") misrepresented the role and involvement of legal counsel.

36.   Plaintiff is informed and believes, and thereon alleges, that the *Declaration in Support of Attorney Fees, Interest and Costs* that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "2") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

37.   On or about January 13, 2010, Defendants filed a document titled *Declaration Re Accrual of Interest* in the *Unifund v. Beaty* case.

38.   A true and accurate copy of the document titled *Declaration Re Accrual of Interest* that was filed by Defendants in the *Unifund v. Beaty* case is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

- 9 -
COMPLAINT

39.   The Declaration Re Accrual of Interest that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "3") stated, *inter alia*, as follows:

I, Kenneth J. Miele, declare:

I am the Attorney for plaintiff, UNIFUND CCR PARTNERS. I have personal knowledge of the facts stated herein. If I were called upon to testify I would competently testify as to the matters stated herein. Interest in the amount of $858.60 accrued on the principal sued for ($2724.77) at the rate of 10 percent per annum from 10/31/06 to 12/24/09. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

40.   Plaintiff is informed and believes, and thereon alleges, that Defendant, MIELE, did not have "personal knowledge" of the facts stated in the Declaration Re Accrual of Interest that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "3").

41.   The Declaration Re Accrual of Interest that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "3") bears the signature of Defendant, MIELE.

42.   The Declaration Re Accrual of Interest that was filed by Defendants in the *Unifund v Beaty* case (Exhibit "3") represented or implied that Plaintiff's account had been reviewed by MIELE.

43.   Plaintiff is informed and believes, and thereon alleges, that MIELE did not conduct a professional review of Plaintiff's account before signing and filing the Declaration Re Accrual of Interest that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "3") and sending it to the Plaintiff. *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

44.   Plaintiff is informed and believes, and thereon alleges, that the Declaration Re Accrual of Interest that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "3") misrepresented the role and involvement of legal counsel.

45.   Plaintiff is informed and believes, and thereon alleges, that the Declaration Re

- 10 -
COMPLAINT

1  Accrual of Interest that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "3")

2  misrepresented the true source or nature of the communication thereby making false statements in an

3  attempt to collect a debt.

5        46.   On or about January 13, 2010, Defendants filed a document titled Declaration in

6  Support of Default Judgment 585(d) and Assignment of Account in the *Unifund v. Beaty* case.

7        47.   A true and accurate copy of the document titled Declaration in Support of Default

8  Judgment 585(d) and Assignment of Account that was filed by Defendants in the *Unifund v. Beaty* case

9  is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

11        48.   The Declaration in Support of Default Judgment 585(d) and Assignment of

12  Account that was filed by Defendants in the *Unifund v. Beaty* case (Exhibit "4") stated, *inter alia*, as

13  follows:

14     I, Steve Ballman, declare:

15     1. I am the legal liaison for plaintiff, UNIFUND CCR PARTNERS. I have personal
16     knowledge of the facts stated herein. If I were called upon to testify I would competently
17     testify as to the matters stated herein.

       . . .

18     6. Demand for payment of the sum of $2724.77 has been made on defendant but she has
19     failed to pay any sums at all and there is still due, owing and unpaid the principal sum
   sued for plus interest, attorney fees and costs. A true and correct copy of the last billing
20     statement, which reflects the principal balance, is attached as Exhibit D and incorporated
   by reference.

21         . . .

   I declare under penalty of perjury under the laws of the State of California that the
22     foregoing is true and correct.

23        49.   Plaintiff is informed and believes, and thereon alleges, that Defendant,

24  BALLMAN, did not have "personal knowledge" of the facts stated in the Declaration in Support of

25  Default Judgment 585(d) and Assignment of Account that was filed by Defendants in the *Unifund v.*

26  *Beaty* case (Exhibit "4").

27        50.   First USA Bank, N.A., was at all relevant times, a national banking association

28

- 11 -
COMPLAINT

1    with its principal offices located at: Three Christina Centre, 201 North Walnut Street, Wilmington,

2    Delaware 19801.

3
        51.    The Cardmember Agreement between Plaintiff and First USA Bank, N.A., states
4
     in relevant part as follows:
5
        GOVERNING LAW: THIS AGREEMENT AND YOUR ACCOUNT WILL BE
6       GOVERNED BY THE LAW OF THE STATE OF DELAWARE AND, AS
7       APPLICABLE, FEDERAL LAW.

8       52.    The Delaware statute of limitations for breach of a credit card agreement is three
9
     years.  See, 10 Del. Code § 8106; *Resurgence Financial, LLC v. Chambers*, 173 Cal. App. 4th Supp. 1
10
     (Cal. Super. Ct. 2009).
11
12      53.    Defendants' claims against Plaintiff accrued more than three years prior to the

13   filing of the *Unifund v. Beaty* complaint (Exhibit "1"). See, e.g., *McCollough v. Johnson, Rodenberg &*

14   *Lauinger*, 610 F. Supp. 2d 1247 (D. Mont. 2009); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d

15   767, 771 (8th Cir. 2001); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991);
16
     *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1489 (M.D. Ala. 1987).
17
18      54.    Plaintiff is informed and believes, and thereon alleges, that Defendants

19   misrepresented the character, amount and legal status of the debt.

20      55.    Plaintiff is informed and believes, and thereon alleges, that Defendants attempted
21
     to collect a debt that was barred by the applicable statute of limitations.
22
23      56.    Plaintiff is informed and believes, and thereon alleges, that Defendants attempted

24   to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the

25   agreement creating the debt or otherwise permitted by law.

26      57.    Plaintiff is informed and believes, and thereon alleges, that Defendants have filed
27
     and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California
28

1    in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend

2    this Complaint to add class allegations at a later date.

3

## VII. CLAIMS

4

### FAIR DEBT COLLECTION PRACTICES ACT
5                          **(Against All Defendants)**

6           58.     Plaintiff brings the first claim for relief against all Defendants under the Fair Debt

7    Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

8

9           59.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

10    herein.

11           60.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

12    1692a(3).

13

14           61.     Defendant, K&M, is a "debt collector" as that term is defined by the FDCPA, 15

15    U.S.C. § 1692a(6).

16           62.     Defendant, MIELE, is a "debt collector" as that term is defined by the FDCPA, 15

17    U.S.C. § 1692a(6).

18           63.     Defendant, PMGI, is a "debt collector" as that term is defined by the FDCPA, 15

19    U.S.C. § 1692a(6).

20

21           64.     Defendant, UNIFUND, is a "debt collector" as that term is defined by the FDCPA,

22    15 U.S.C. § 1692a(6).

23           65.     Defendant, CCRF, is a "debt collector" as that term is defined by the FDCPA, 15

24    U.S.C. § 1692a(6).

25           66.     Defendant, ZB, is a "debt collector" as that term is defined by the FDCPA, 15

26    U.S.C. § 1692a(6).

27

28           67.     Defendant, ZB/CCR, is a "debt collector" as that term is defined by the FDCPA,

1    15 U.S.C. § 1692a(6).

2         68.   Defendant, BALLMAN, is a "debt collector" as that term is defined by the

3    FDCPA, 15 U.S.C. § 1692a(6).

4

5         69.   The financial obligation owed by Plaintiff is a "debt" as that term is defined by the

6    FDCPA, 15 U.S.C. § 1692a(5).

7         70.   Defendants have violated the FDCPA. The violations include, but are not limited

8    to, the following:

9              a.   Defendants made and used false, deceptive and misleading representations

10   in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

11

12             b.   Defendants misrepresented the character or legal status of the debt, in

13   violation of 15 U.S.C. § 1692e(2)(A);

14             c.   Defendants misrepresented the compensation which may be lawfully

15   received by Defendants for the collection of the debt, in violation of 15 U.S.C. § 1692e(2)(B);

16             d.   Defendants falsely represented or implied that attorney MIELE had

17   reviewed Plaintiff's account when MIELE had not done so, in violation of 15 U.S.C. §§

18

19   1692e(3) and 1692e(10);

20             e.   Defendants falsely represented the role and involvement of legal counsel, in

21   violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

22             f.   Defendants misrepresented the true source or nature of the communication,

23   in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

24

25             g.   Defendants attempted to collect a time-barred debt from Plaintiff, an action

26   that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

27             h.   Defendants attempted to collect a debt that is barred by the applicable

28

- 14 -
COMPLAINT

statute of limitations, in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f; and

          i.    Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

71.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

72.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (Against All Defendants, Except MIELE)

73.    Plaintiff brings the second claim for relief against all Defendant except Defendant, MIELE, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

74.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

75.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

76.    Defendant, K&M, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

77.    Defendant, PMGI, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

78.    Defendant, UNIFUND, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

79. Defendant, CCRF, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

80. Defendant, ZB, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

81. Defendant, ZB/CCR, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

82. Defendant, BALLMAN, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

83. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

84. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[2]

    b. Defendants misrepresented the character or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[3]

    c. Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of Cal. Civil Code § 1788.17;[4]

    d. Defendants falsely represented or implied that attorney MIELE had reviewed Plaintiff's account when MIELE had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[5]

    e. Defendants falsely represented the role and involvement of legal counsel, in

[2] 15 U.S.C. §§ 1692e and 1692e(10).
[3] 15 U.S.C. § 1692e(2)(A).
[4] 15 U.S.C. § 1692e(2)(B).
[5] 15 U.S.C. §§ 1692e(3) and 1692e(10).

violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[6]

       f.   Defendants misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[7]

       g.   Defendants attempted to collect a time-barred debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code § 1788.17;[8]

       h.   Defendants attempted to collect a debt that is barred by the applicable statute of limitations, in violation of Cal. Civil Code § 1788.17;[9] and

       i.   Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of Cal. Civil Code § 1788.17.[10]

    85.   Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

    86.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

    87.   As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

    88.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, against each Defendant, pursuant to

---

[6] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[7] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[8] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[9] 15 U.S.C. §§ 1692d, 1692e and 1692f.
[10] 15 U.S.C. § 1692f(1).

Cal. Civil Code § 1788.17.[11]

89.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[12]

90.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

### VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(10), 1692d, 1692f and 1692f(1);

c)  Declare that all Defendants, except MIELE, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

d)  Award Plaintiff her actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e)  Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, against each Defendant except MIELE, pursuant to Cal. Civil Code § 1788.30(b);

---

[11] 15 U.S.C.§ 1692k(a)(2)(A).
[12] 15 U.S.C.§ 1692k(a)(3).

COMPLAINT

g) Award Plaintiff statutory damages in an amount not exceeding $1,000, against each

Defendant except MIELE, pursuant to Cal. Civil Code § 1788.17;[13]

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[14] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
LYNDA CHRYSTA BEATY

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LYNDA CHRYSTA BEATY, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

[13] 15 U.S.C. § 1692k(a)(2)(A).
[14] 15 U.S.C. § 1692k(a)(3).

```
*7951963*
```

1  Kenneth J. Miele, Bar #165730
   Law Offices of Kenosian & Miele, LLP
2  8581 Santa Monica Blvd., #17
   Los Angeles, CA 90069
3  Phone (310)289-0500
   Fax (310) 289-5177
4
   Attorney for UNIFUND CCR PARTNERS
5

**FILED**
ALAMEDA COUNTY

OCT - 9 2009

CLERK OF THE SUPERIOR COURT
By _____
                    Deputy

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10                  RENE C. DAVIDSON LIMITED CIVIL

11
   UNIFUND CCR PARTNERS ,              Case No. RG09478569
12 A NEW YORK PARTNERSHIP

13            Plaintiff,
                                       COMPLAINT
14      vs.                            (Breach of Contract and Common Counts)

15 LYNDA C. BEATY aka                  Demand DOES NOT EXCEED $10,000.00
   LYNDA C. BATISTE-BEATY aka
16 LYNDA C. BATISTE

17 and DOES 1 to 5, inclusive,

18            Defendant(s)

19

20 PLAINTIFF UNIFUND CCR PARTNERS

21 alleges causes of action against DEFENDANT(s) and Does 1 to 5 inclusive:

22      1.      Plaintiff is A NEW YORK PARTNERSHIP .

23      2.      Each named defendant is a natural person.

24      3.      The true names and capacities of defendants sued as

25 DOES 1 to 5 are unknown to plaintiff. Each fictitiously named defendant is some way

---

                    Complaint

                      - 1 -

**EXHIBIT**

**1**

1   responsible for the occurrences alleged here and proximately caused plaintiff's damages.

2       4.      Each named and DOE defendant was acting as the agent or employee of the

3   other defendants.

4       5.      This is the proper court under C.C.P. sections §§395a & §§395b because a

5   defendant resides in this district. This action is not subject to C.C. §§1801 et seq.

6       6.      Before filing this lawsuit, plaintiff purchased all rights, title and interest in the

7   obligation upon which this suit is brought and is the sole owner of the account.

8       7.      The above statements apply to the following causes of action.

9

10                  **FIRST CAUSE OF ACTION – Breach of Contract**

11      8.      On or about 09-18-03, FIRST USA BANK NA  and defendants(s) entered into an

12   agreement for the issuance of a credit card which defendant(s) requested. A credit card now

13   bearing account number 4266901023523525  was issued to defendant(s).  This credit card

14   account granted defendant(s) credit privileges in purchasing goods and services and/or

15   receiving cash advances.

16      9.      Defendant(s) accepted the written card holder agreement by using the credit card.

17   Payment for the charges incurred was to be made in accordance with monthly billing statements

18   sent to defendant(s).

19      10.     On or about 03-27-06 , defendant(s) breached the card holder agreement by

20   failing to make the minimum monthly payment due.

21      11.     Plaintiff and the original creditor have performed all of their obligations to

22   defendant(s) except those obligations plaintiff or the original creditor were prevented or excused

23   from performing.

24      12.     Plaintiff suffered damages legally and proximately caused by breach of the card-

25

Complaint

- 2 -

holder agreement by defendant(s) in that defendants(s) left due and owing the sum of $2724.77

with interest thereon according to proof. Although demand has been made, the amount prayed

for is due, owing and unpaid.

13.     Pursuant to agreement or statute, Plaintiff seeks reasonable attorney fees

according to proof.

## SECOND CAUSE OF ACTION - Common Counts

14.     Defendant(s) and each of them became indebted to the original creditor, FIRST

USA BANK NA , within the last four years:

a. on an open book account for money due and

b. because an account was stated by and between the original creditor and

defendant(s) in which it was agreed that defendant(s) were indebted to the original creditor.

15.     Plaintiff also alleges that each defendant(s) became indebted to FIRST USA

BANK NA , within the past four years:

a. for money lent by the original creditor to defendant at defendant's request, and

b. for money paid, laid out and expended to or for defendant at defendant's

special instance and request for the defendant's use and benefit.

16.     The sum of $2724.77 is due and unpaid despite plaintiff's demand, plus  interest

thereon according to proof.

## PRAYER

WHEREFORE, as to all causes of action, plaintiff prays for judgment as follows:

a. Damages of $2724.77;

b. Interest from and after 10-31-06 according to proof;

c. Attorney's fees according to proof;

---

Complaint

– 3 –

1    d. Costs of suit; and

2    e. For such other relief as is fair, just and equitable.

3

4

5    Dated: September 30, 2009.

6                                    Law Offices of Kenosian & Miele, LLP

7

8                                    By:_____
                                            Kenneth J. Miele
9                                           Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Complaint

− 4 −

**VERIFICATION**

(C.C.P. §§446, 431.30 (d))

STATE OF CALIFORNIA

    I am the Attorney for the plaintiff UNIFUND CCR PARTNERS  a party to this action. Such party is absent from the County of Los Angeles where attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed under the laws of the State of California at Los Angeles, CA on September 30, 2009.

Signature:_____
           Kenneth J. Miele ,
           Attorney for PLAINTIFF

Complaint

~ 5 ~

*7928842*

Kenneth J. Miele, Bar #165730
Law Offices of Kenosian & Miele, LLP
8581 Santa Monica Blvd., #17
Los Angeles, CA  90069
(310)289-0500

Attorney for UNIFUND CCR PARTNERS

FILED
ALAMEDA COUNTY

JAN 1 3 2010

CLERK OF THE SUPERIOR COURT
By
Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

RENE C. DAVIDSON LIMITED CIVIL

| | |
|---|---|
| UNIFUND CCR PARTNERS,<br>A NEW YORK PARTNERSHIP<br><br>       Plaintiff,<br><br>    vs.<br><br>LYNDA C. BEATY aka<br>LYNDA C. BATISTE-BEATY aka<br>LYNDA C. BATISTE<br><br>and DOES 1 to 5, inclusive,<br><br>       Defendant(s) | Case No.:   RG09478594<br><br>DECLARATION IN SUPPORT OF<br>ATTORNEY FEES, INTEREST AND COSTS |

EXHIBIT
2

I, Kenneth J. Miele, declare:

1. I am the Attorney for plaintiff, UNIFUND CCR PARTNERS.
I have personal knowledge of the facts stated herein. If I were called upon to testify I would

competently testify as to the matters stated herein.

2. The original Disclosure Statement which is sent to the customer at the time the credit

card is issued provides for default terms, rate of interests and other provisions that the customer

is obligated for when using the credit card. A copy of the Disclosure Statement is attached as

- 1 -

DECLARATION IN SUPPORT OF ATTORNEY FEES, INTEREST AND COSTS

Exhibit 'A' and the provision for attorney's fees and interest are outlined in "red" to make those provisions outstanding.

    3. The defendant used the credit card from the period of 09-18-03 through 02-24-06 at which time the defendant became delinquent by failing to make the required monthly payments.

    4. By the terms of Exhibit 'A', defendant is obligated to pay reasonable attorney's fees and interest since she has failed to comply with the terms of said exhibit.

    WHEREFORE, declarant prays that the Court will grant attorney fees and interest as prayed for in the complaint.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Executed on December 24, 2009, at Los Angeles, California


                                   Kenneth J. Miele, DECLARANT

- 2 -

DECLARATION IN SUPPORT OF ATTORNEY FEES, INTEREST AND COSTS

**YOUR BILLING RIGHTS**
Keep This Notice For Future Use

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

**Notify Us In Case Of Errors Or Questions About Your Bill**

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet at First USA Bank, N.A., P.O. Box 8651, Wilmington, Delaware 19899-8651. Write to us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:

* Your name and account number.
* The dollar amount of the suspected error.
* Describe the error and explain, if you can, why you believe there is an error.
  If you need more information, describe the item you are not sure about.

**Your Rights And Our Responsibilities After We Receive Your Written Notice**

We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If we didn't make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within ten days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

**Special Rule For Credit Card Purchases**

If you have a problem with the quality of property or services that you purchased with a credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the property or services. There are two limitations on this right:

  (a) You must have made the purchase in your home state or, if not within your home
      state, within 100 miles of your current mailing address, and
  (b) The purchase price must have been more than $50.

These limitations do not apply if we own or operate the merchant, or if we mailed you the advertisement for the property or services.

# FIRST USA.

EXHIBIT "A"

M-24275
9.90NAEMPFUSA-QCC

SEE PAGES 2 & 3 FOR FINANCE CHARGE,
ATTORNEY FEES, COSTS
AND DEFAULT PROVISIONS

## Cardmember Agreement

This is the Agreement that establishes the terms of your Cardmember Account ("Account") with First USA Bank, N.A. (including accounts opened with us through other banks that participate in our MasterCard/Visa program and whose name may be on the face of your Card). Please read it carefully and keep it for your records. You do not need to sign this Agreement, but please be sure to sign the back of your Card if you have not already done so. All extensions of credit in connection with your Account are being made by First USA Bank, N.A. in Wilmington, Delaware. Any use of your Card or Account confirms your acceptance of the terms and conditions of this Agreement.

**Definitions:** In this Agreement, the words "you" and "your" refer to each person (jointly and severally if more than one) who has applied for the Account and any other person who has agreed to be responsible for the Account. The words "we", "us" and "our" refer to First USA Bank, N.A., a national banking association. "Card" refers to each MasterCard and/or Visa Card that is issued on your Account. The Card must be returned or surrendered to us or our agent upon request.

**Using Your Account:** You may use your Card or Account to purchase or lease goods or services or pay amounts you owe wherever the Card is honored or transfer balances from other accounts ("Purchases"). You may also use the Card to obtain cash loans ("Cash Advances") from any financial institution that accepts the Card. You agree to accept credit to your Account instead of cash refunds when the original Purchase was charged to your Account.

We may issue "Convenience Checks" to you which may be used to access your credit line. Use of a Convenience Check will be treated as a "Purchase" in the amount of your check. Each Convenience Check will contain your Account number and may be used only by the person(s) whose name(s) is/are printed on it. Each must be completed and signed by you (or either of you) in the same manner as a regular personal check. If we provide Convenience Checks for your Account, you may not use them to pay any amount you owe under your Cardmember Agreement or under any other credit agreement or account you may have with us, Bank One or any of our related banks.

**Obligations On Your Account:** You authorize us to pay and charge your Account for all Purchases and Cash Advances made or obtained by you or anyone you authorize to use your Card or Account. You promise to pay us for all of these Purchases and Cash Advances, plus any Finance Charges assessed on your Account and any other charges and fees which you may owe us under the terms of this Agreement. You will be obligated to pay authorized charges to your Account whether resulting from (1) actual use of your Card or Convenience Checks, (2) mail order or telephone, computer or other electronic Purchases made without presenting the Card or (3) any other circumstance where you authorize a charge, or authorize someone else to make a charge, to your Account. Each person who is included within the definition of the term "you", above, is responsible to pay the full amount owed on the Account. We may require that you pay the full amount owed without first asking the other person(s) to pay. All payments must be made in U.S. dollars. Any payment made by check or other negotiable instrument must be drawn on a U.S. bank or a U.S. branch of a foreign bank. Subject to any mandatory provisions of applicable law, we will apply your payments to the balances in your Account in whatever manner we determine.

**Credit Line/Authorized Usage:** Your credit line is shown on the folder containing your Card. Since we may change your credit line from time to time, your latest credit line will appear on your monthly statement. You agree not to make a Purchase or obtain a Cash Advance that would cause the unpaid balance of your Account to exceed your credit line. We may honor Purchases and Cash Advances in excess of your credit line at our sole discretion. If we do, this Agreement also applies to that excess and you agree to pay the excess immediately if we request that you do so. You agree that we may change or cancel your credit line at any time without affecting your obligation to pay amounts that you owe under this Agreement. We may designate that only a portion of your credit line is available for Cash Advances. If we do and you exceed that limit, you will be considered to have exceeded your credit line for all purposes of this Cardmember Agreement. For security reasons, we may limit the number or dollar amount of Purchase, Cash Advance and/or Convenience Check transactions that may be accomplished with your Card or Account, and we have the right to limit authorizations to make Purchases or obtain Cash Advances if we consider it necessary to verify payments received on your Account.

**Periodic Statements:** We will send a statement at the end of each monthly billing cycle in which your Account has a debit or credit balance of more than $1.00 or if a Finance Charge has been imposed. Among other things, your monthly statement will show your New Balance, any Finance Charge, your credit line and available credit, your Minimum Monthly Payment and the Payment Due Date.

**Minimum Monthly Payment:** If the New Balance shown on your monthly statement is less than $10.00, your Minimum Monthly Payment (due by the Payment Due Date) is your New Balance. Otherwise, the Minimum Monthly Payment for each billing cycle will be the greater of $10.00 or the total of (1) 2% of the New Balance, plus (2) any amount past due, plus (3) if we so elect, any amount over your credit line at the time of billing. You may pay more than the Minimum Monthly Payment and may at any time pay the full amount you owe us.

**Finance Charges:** There is a minimum FINANCE CHARGE in the amount stated in the Table of Interest Charges in any billing cycle in which you owe a FINANCE CHARGE.

We calculate the "balance subject to FINANCE CHARGE" separately for Purchases and Cash Advances. For Cash Advances we will add a Periodic FINANCE CHARGE from the day you take the Cash Advance until the day we receive payment in full. However, you have a grace period for Purchases. You will not pay a Periodic FINANCE CHARGE on current or previous Purchases if you paid your New Balance in full by the Payment Due Date on your previous statement (or that balance was zero or a credit amount) and you pay your New Balance in full by the Payment Due Date on your current statement.

To determine the Periodic FINANCE CHARGE we apply the applicable Daily Periodic Rate to the daily balances of Purchases, Cash Advances and previous billing cycle Purchases. The sum of these daily calculations is the total Periodic FINANCE CHARGE. Purchases and Cash Advances are included in your daily balance as of the later of the transaction date or the beginning of the billing cycle in which they are posted to your Account (except that Convenience Checks always are included when accepted by the payee).

The daily balances for current cycle Purchases and Cash Advances and previous cycle Purchases are calculated separately and determined as follows:

1. **Current Cycle Purchases and Cash Advances.** We start with the outstanding balance at the beginning of the current billing cycle. We take the beginning balance of Purchases and Cash Advances

on your account each day, which includes any Periodic FINANCE CHARGE calculated on the previous day's balance, add any new Purchases (including fees that are treated as Purchases) and new Cash Advances and then subtract any payments or credits. This gives us the separate daily balances for Purchases and Cash Advances.

**2. Previous Cycle Purchases.** We start with the outstanding balance at the beginning of the previous billing cycle. We take the beginning balance of Purchases on your Account each day during that billing cycle, which includes any Periodic FINANCE CHARGE calculated on the previous day's balance, and add any new Purchases (including fees that are treated as Purchases) and subtract any payments or credits. This gives us the separate daily balance for previous billing cycle Purchases. However, the daily balance for previous cycle Purchases is considered to be zero for each day of the previous billing cycle if you paid in full the New Balance on your previous statement by the Payment Due Date or a Periodic FINANCE CHARGE was already imposed on the the purchases itemized on your previous statement.

If we have "special" periodic rate offers in effect from time to time, we will separately identify them on your monthly statement and separately disclose on your monthly statement the balances to which the special offers apply. These separate balances and the related Periodic FINANCE CHARGES will be calculated in the same manner as described above for current or previous cycle transactions, as applicable.

We figure another portion of the Finance Charge on your Account by adding a one-time Cash Advance FINANCE CHARGE for each Cash Advance when it is obtained. The amount of the Cash Advance FINANCE CHARGE is stated in the Table of Interest Charges.

The total Finance Charge on your Account for a monthly billing cycle will be the sum of the Periodic FINANCE CHARGES plus any Cash Advance FINANCE CHARGES.

This Agreement provides for compounding of Finance Charges (interest).

**Other Interest Charges:** In addition to the Finance Charges discussed above, the following interest charges will be applicable to your Account:

**Annual Membership Fee** — You agree to pay us when billed each year (subject to applicable federal law) a non-refundable annual membership fee in the amount stated in the Table of Interest Charges for the privileges you have under this Agreement, whether or not you exercise those privileges. Your payment of this fee will not affect any of our rights under this Agreement, including our right to terminate your Account.

**Late Fee** — If we do not receive a payment from you in at least the amount of your Minimum Monthly Payment by the Payment Due Date shown on your monthly statement, we may charge you a late payment fee in the amount stated in the Table of Interest Charges. You will only be charged one late payment fee for any Minimum Monthly Payment which is not paid by the Payment Due Date.

**Return Check Fee** — If your bank does not honor the check you give us to pay amounts you owe under this Agreement, or we must return a check because it is not signed or is otherwise irregular, we may charge you a return check fee in the amount stated in the Table of Interest Charges.

**Overlimit Fee** — We have the right to charge an overlimit fee in the amount stated in the Table of Interest Charges: (1) if your Account balance exceeds your applicable credit line at any time during a monthly cycle; or (2) if you make a Purchase or obtain a Cash Advance at a time when your Account balance is over your credit line.

**Administrative Fees** — If you request photocopies of sales slips or duplicate copies of monthly statements, or if you request more than two Cards or any special services such as obtaining Cards on an expedited basis, you agree to pay our reasonable charges for such services, as from time to time in effect. The present charges for such services are specified in the Table of Interest Charges. However if you request items such as sales slips or duplicate statements in connection with any disputed billing matter (see "Your Billing Rights"), we will not impose a fee if a billing error is disclosed.

Unless otherwise arranged between us, the annual membership fee and any late, return check, overlimit or administrative fee will be added to your Account and treated as a Purchase.

**Default/Collection Costs:** Your Account will be in default and we may demand immediate payment of the entire amount you owe us without giving you prior notice if: (1) in any month we do not receive your Minimum Monthly Payment by the Payment Due Date; (2) you make Purchases or obtain Cash Advances in excess of your credit line; (3) you fail to comply with this Agreement; (4) there is a filing for your bankruptcy; (5) you die or become incapacitated; or (6) we believe in good faith that the payment or performance of your obligations under this Agreement is impaired for any other reason. As permitted by applicable law, you agree to pay all collection expenses actually incurred by us in the collection of amounts you owe under this Agreement (including court costs and the fees of any collection agency to which we refer your Account) and, in the event we refer your Account after your default to an attorney who is not our regularly salaried employee, you agree to pay the reasonable fees of such attorney. We will not be obligated to honor any attempted use of your Account if a default has occurred or we have determined to terminate your Account or limit your Account privileges (as discussed below).

**Arbitration:** Any claim, dispute or controversy ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or your Account, including Claims regarding the applicability of this arbitration clause or the validity of the entire Agreement, shall be resolved by binding arbitration by the National Arbitration Forum, under the Code of Procedure in effect at the time the Claim is filed. Rules and forms of the National Arbitration Forum may be obtained and Claims may be filed at any National Arbitration Forum office, www.arb-forum.com, or P.O. Box 50191, Minneapolis, Minnesota 55405, telephone 1-800-474-2371. Any arbitration hearing at which you appear will take place at a location within the federal judicial district that includes your billing address at the time the Claim is filed. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16 Judgment upon any arbitration award may be entered in any court having jurisdiction.

This arbitration agreement applies to all Claims now in existence or that may arise in the future except for Claims by or against any unaffiliated third party to whom ownership of your Account may be assigned after default (unless that party elects to arbitrate). Nothing in this Agreement shall be construed to prevent any party's use of (or advancement of any Claims, defenses, or offsets in) bankruptcy or repossession, replevin, judicial foreclosure or any other prejudgment or provisional remedy relating to any collateral, security or property interest for contractual debts now or hereafter owed by either party to the other under this Agreement.

IN THE ABSENCE OF THIS ARBITRATION AGREEMENT YOU AND WE MAY OTHERWISE



1    Kenneth J. Miele, Bar #165730
     Law Offices of Kenosian & Miele, LLP

2    8581 Santa Monica Blvd., #17
     Los Angeles, CA  90069

3    (310)289-0500

4    Attorney for UNIFUND CCR PARTNERS

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10               RENE C. DAVIDSON LIMITED CIVIL

11   UNIFUND CCR PARTNERS,        Case No.:   RG09478594
     A NEW YORK PARTNERSHIP

12

13           Plaintiff,
       vs.                   DECLARATION RE ACCRUAL OF INTEREST

14   LYNDA C. BEATY aka
     LYNDA C. BATISTE-BEATY aka

15   LYNDA C. BATISTE

16   and DOES 1 to 5, inclusive,

17           Defendant(s)



EXHIBIT
3

18   I, Kenneth J. Miele, declare:

19   I am the Attorney for plaintiff, UNIFUND CCR PARTNERS. I have personal knowledge of the facts stated

20   herein. If I were called upon to testify I would competently testify as to the matters stated herein. Interest

21   in the amount of $858.60 accrued on the principal sued for ($2724.77) at the rate of 10 percent per

22   annum from 10/31/06 to 12/24/09. I declare under penalty of perjury under the laws of the State of

     California that the foregoing is true and correct.

23   Executed on December 24, 2009, at Los Angeles, California.

24                                 Kenneth J. Miele, DECLARANT

25

                             - 1 -

                DECLARATION RE ACCRUAL OF INTEREST

FILED
ALAMEDA COUNTY

JAN 1 3 2010

CLERK OF THE SUPERIOR COURT
By _____
                   Deputy

*7928830*

1    Kenneth J. Miele, Bar #165730
    Law Offices of Kenosian & Miele, LLP
2    8581 Santa Monica Blvd., #17
    Los Angeles, CA 90069
3    (310)289-0500

4    Attorney for UNIFUND CCR PARTNERS

**FILED**
ALAMEDA COUNTY

JAN 13 2010

CLERK OF THE SUPERIOR COURT
By _____
              Deputy

8             SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF ALAMEDA

10            RENE C. DAVIDSON LIMITED CIVIL

11    UNIFUND CCR PARTNERS,          Case No.:   RG09478594
    A NEW YORK PARTNERSHIP

12

13          Plaintiff,
                            DECLARATION IN SUPPORT OF
14      vs.                         DEFAULT JUDGMENT 585(d) AND
                            ASSIGNMENT OF ACCOUNT
15    LYNDA C. BEATY aka
    LYNDA C. BATISTE-BEATY aka
    LYNDA C. BATISTE
16

    and DOES 1 to 5, inclusive,
17

        Defendant(s)
18

**EXHIBIT**
4

19    I, Steve Ballman, declare:

20        1. I am the legal liaison for plaintiff, UNIFUND CCR PARTNERS.

21    I have personal knowledge of the facts stated herein. If I were called upon to testify I would

22    competently testify as to the matters stated herein.

23        2. Plaintiff, UNIFUND CCR PARTNERS, acquired by assignment, all rights, title and

24    interest and is the legal holder of the credit card account which is the basis of the instant action.

25

      DECLARATION IN SUPPORT OF JUDGMENT 585(d) AND ASSIGNMENT OF ACCOUNT

3. On a date before the filing of the instant action Chase Bank USA, N.A. assigned all rights, title and interest to the obligation in question to Unifund Portfolio A, LLC. A true and correct copy of the Bill of Sale between Chase Bank USA, N.A. and Unifund Portfolio A, LLC is attached as Exhibit A and incorporated by reference. Further, the Certification of Corporate Secretary of Chase Bank USA, N.A. explaining the relationship between First USA Bank, N.A. and Chase Bank USA, N.A. is attached as Exhibit B and incorporated by reference.

4. Subsequently, Unifund Portfolio A, LLC assigned all rights, title and interest to the obligation in question to Unifund CCR Partners. A true and correct copy of the Assignment between Unifund Portfolio A, LLC and Unifund CCR Partners is attached as Exhibit C and incorporated by reference.

5. The defendant was served with the Summons and Complaint in this action and failed to answer or otherwise plead.

6. Demand for payment of the sum of $2724.77 has been made on defendant but she has failed to pay any sums at all and there is still due, owing and unpaid the principal sum sued for plus interest, attorney fees and costs. A true and correct copy of the last billing statement, which reflects the principal balance, is attached as Exhibit D and incorporated by reference.

WHEREFORE, declarant prays that the Court will enter judgment pursuant to the Judgment papers being submitted.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 15th, at Unifund, Cincinnati, Ohio.

Steve Ballman
Legal Liaison

DECLARATION IN SUPPORT OF JUDGMENT 585(d) AND ASSIGNMENT OF ACCOUNT



## BILL OF SALE

Chase Bank USA, N.A.  ("Seller"), for value received and pursuant to the terms and conditions of Credit Card Account Purchase Agreement dated January 1, 2008 between Seller and Unifund Portfolio A, LLC ("Purchaser"), its successors and assigns ("Credit Card Account Purchase Agreement"), hereby assigns effective as of the File Creation Date of June 12, 2008 all rights, title and interest of Seller in and to those certain receivables, judgments or evidences of debt described in Exhibit 1 attached hereto and made part hereof for all purposes.

Amounts due to Seller by Purchaser in hereunder shall be paid U.S. Dollars by a wire transfer to be received by Seller on June 27, 2008 (the "Closing Date") by 2:00 p.m. Seller's time, as follows:

> Chase Bank USA, N.A
> ABA #021000021
> Beneficiary Name:  Chase Bank USA, N.A.
> Beneficiary Account: #304-256420

This Bill of Sale is executed without recourse except as stated in the Credit Card Account Purchase Agreement to which this is an Exhibit. No other representation of or warranty of title or enforceability is expressed or implied.

Chase Bank USA, N.A.                    Unifund Portfolio A, LLC

By: _____             By: _____

Date:   June 24, 2008                  Date:  June 24, 2008

Title     Operations Manager           Title     Henry N. Thoman
                                                  Vice President

## CERTIFICATION OF CORPORATE SECRETARY OF
## CHASE BANK USA, N.A.

I, Andrew Semmelman, as Secretary of Chase Bank USA, N.A., a national banking association, a wholly owned subsidiary of JPMorgan Chase & Co., do hereby certify that Banc One Corporation, an Ohio corporation, acquired First USA Bank, a bank organized under the laws of the State of Delaware, on June 27, 1997. First USA Bank converted to a national banking association, under the name "First USA Bank, N.A.," on July 1, 1998.  First Chicago NBD Corporation ("First Chicago") and Banc One Corporation merged to form Bank One Corporation, a Delaware corporation, on October 2, 1998. On September 17, 1999, First USA Bank, N.A. merged with and into First Chicago's credit card bank subsidiary FCC National Bank, with the surviving bank taking the name "First USA Bank, N.A." On September 30, 2002, that bank changed its name to "Bank One, Delaware, N.A." At that time, "First USA" was registered as a "doing business as" or "d/b/a" name in many states throughout the United States of America. JPMorgan Chase & Co. ("JPMC") acquired Bank One Corporation on July 1, 2004. Bank One, Delaware, N.A. merged with and into JPMC's credit card bank subsidiary Chase Manhattan Bank USA, N.A. on October 1, 2004.  Chase Manhattan Bank USA, N.A. changed its name to Chase Bank USA, N.A. on March 1, 2005.

IN WITNESS WHEREOF, I have hereunto affixed my name as Secretary, and the seal of this institution this 21ˢᵗ day of March, 2006, and attest that, to the best of my knowledge, this information is correct.

_Andrew T. Semmelman_
Andrew T. Semmelman
Secretary

State of Delaware
County of New Castle

This certificate was acknowledged before me on this 21ˢᵗ day of March, 2006, by Andrew Semmelman as Secretary of Chase Bank USA, N.A.

_Carol T. Stevens_
(Signature of notarial officer)

## ASSIGNMENT

THIS ASSIGNMENT is effective as of July 6, 2001 between UNIFUND PORTFOLIO A, LLC, an Ohio limited liability company ("*Assignor*") and UNIFUND CCR PARTNERS, a New York General Partnership ("*Assignee*"). Unless otherwise defined herein, terms used herein shall have the meanings specified in the Servicing Agreement between Assignor and Assignee (the "Agreement").

Assignor, for value received and in connection with the Agreement, transfers and assigns to Assignee all of Assignor's rights in the Receivables, for collection purposes only, including conducting litigation in Assignee's name, for those Receivables which Assignor owns or may acquire from time to time. Assignor shall retain title and ownership of such Receivables. The assignment is without recourse to Assignor and without warranty of any kind (including, without limitation, warranties pertaining to title, validity, collectibility, accuracy or sufficiency of information, and applicability of any statute of limitations), except as stated in the Agreement or herein.

UNIFUND CCR PARTNERS

By: _____

David Rosenberg
Credit Card Receivables Fund, Inc.,
President
a General Partner

UNIFUND PORTFOLIO A, LLC

By: _____

David Rosenberg, Member

**Statement** for account number: 4266 9910 2352 3525

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $2,724.77 | 11/04/06 | $93.00 | $448.00 |

Amount Enclosed  $ .

Make your check payable to Chase Card Services.
New address or e-mail? Print on back.



Disney REWARDS

426690102352352500044800002724770000000

```
13202 BOX 2 38006 C
LYNDA C BEATY
6615 LEONA ST
OAKLAND CA 94605-1223
```

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

⑆5000160281⑆ 18410235235257⑈"

---

Disney REWARDS
WILD OVER YOUR DREAMS

| | |
|---|---|
| Statement Date: | 09/11/06 - 10/10/06 |
| Payment Due Date: | 11/04/06 |
| Minimum Payment Due: | $448.00 |

**CUSTOMER SERVICE**
In U.S.  1-800-300-8575
Español  1-888-446-3308
TDD  1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
1-302-594-8200

### VISA ACCOUNT SUMMARY

Account Number: 4266 9910 2352 3525

| | |
|---|---|
| Previous Balance | $2,638.01 |
| Purchases, Cash, Debits | +$34.00 |
| Finance Charges | +$54.76 |
| New Balance | $2,724.77 |

| | |
|---|---|
| Total Credit Line | $11,500 |
| Available Credit | $8,875 |
| Cash Access Line | $2,330 |
| Available for Cash | $0 |

**ACCOUNT INQUIRIES**
P.O. Box 15298
Wilmington, DE 19850-5298

**PAYMENT ADDRESS**
P.O. Box 94014
Palatine, IL 60094-4014

**VISIT US AT:**
www.chase.com/disney
• It's fast, FREE and secure!
• Pay your bill & much more.

---

### DISNEY DREAM REWARD DOLLARS

| | |
|---|---|
| Balance from last statement | 0 |
| Reward dollars earned from net purchases | 0 |
| Reward dollars transferred to Rewards Card | 0 |
| Remaining balance | 0 |

Please call 800-300-8575 to redeem your Disney Rewards or if you have any questions about the Disney Rewards (sm) Program.

0 Reward dollars to expire on statement date in

Your account is past due, therefore rewards earned this period have not been posted to your account. Please make the minimum payment due immediately to avoid forfeiture of rewards.

The terms and conditions of the Disney Rewards Program apply to the use of Disney Dream Reward Dollars and may be modified by Chase or Disney Rewards, LLC at any time. Your account must remain in good standing to earn or request redemption of Disney Dream Reward Dollars. Disney Dream Reward Dollars are non-transferable, have no cash or monetary value and cannot be used towards payment at unauthorized locations and payment of an outstanding balance on your Disney Rewards Visa Card. Please call 1-800-300-8575 to request that your Disney Dream Reward Dollars be transferred to a Rewards Card or if you have any questions about the Disney Rewards Program.

---

### TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Credit | Amount Debit |
|---|---|---|---|---|
| 10/08 | | LATE FEE | | $34.00 |

---

### FINANCE CHARGES

| Category | Daily Periodic Rate 30 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | .06847% | 24.99% | $2,666.74 | $54.76 | $0.00 | $0.00 | $54.76 |
| Cash advances | .06847% | 24.99% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total finance charges | | | | | | | $54.76 |

---

**Effective Annual Percentage Rate (APR):**  24.99%

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees such as cash advance and balance transfer fees - expressed as a percentage.

---

### This Statement is a Facsimile - Not an original

Y 00000000  FE080709 C 4       000  N  Z  10  08/10/06      Page 1 of 1       06273  MA MA 12532      283.N00000400001283201

**Address Change Request**

Please provide information below only if the address information on front is incorrect.

Street Address: _____

City: _____

State: _____

Zip: _____

Home Phone: _____ _____ _____

Work Phone: _____ _____ _____

E-mail Address: _____